UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:17-CR-26-KKC-REW |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| LAMAR CHAVES THORNTON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On August 15, 2017, the Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). *See* DE #55 (Minute Entry Order). Procedurally, the hearing followed Defendant's motion for a competency evaluation (DE #42), which the Court granted following a hearing. *See* DE ##44, 45 (Orders). Given Defendant's detention status, the Court ordered a custodial evaluation. DE ##44, 45 (Orders).

The evaluation occurred at FMC Lexington. *See* DE #54. All parties had access to the resulting forensic evaluation report (referenced as the "Report") issued by licensed psychologist Allyson N. Wood, Psy.D. *Id.*, DE #54-1 (CV of Dr. Wood). In the July 31, 2017, Report, Dr. Wood opines that Thornton is competent for further proceedings. *See* DE #54, at 8-9.

Upon receipt of the Report, the Court promptly set a competency hearing. *See* DE #53. During the course of the hearing, the parties stipulated to admissibility of the Report and the CV,

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g.*, *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially dispositive).

1

to the Report's ultimate conclusion, and to the examiner's qualifications. *See* DE #55. The parties also waived introduction of other proof and argument in opposition and waived the right to cross-examine Dr. Wood. *Id.*

Section 4241 substantially codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure).

Ultimately, per § 4241(d) and based on the required hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of § 4241(a). This framework **suggests** that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis), *and United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States), *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question, which is not

determinative. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a stipulation as to both the admissibility and conclusion of the Report, the proof as to current competency largely consists of the expert analysis of Dr. Wood. In the Report, Dr. Wood analyzed Defendant's history, behavior, course of evaluation, and assessment performance. DE #54. Dr. Wood personally observed Thornton via multi-occasion direct interview, *id.* at 1, and subjected him to psychological assessment. *Id.* at 2. Dr. Wood received and reviewed materials regarding the alleged crimes, including the Court's orders regarding the examination. *Id.* at 1-2. The evaluator also spoke with defense counsel and the prosecutor. *Id.* at 2. The Report describes Thornton's educational, medical, family, mental health, employment, and substance abuse histories. *Id.* at 2-3.

The evaluator described Thornton's behavior while housed at FMC Lexington. Defendant "successfully completed activities of daily living on the unit, to include cleaning his cell, making his bed, and laundering his uniform." DE #54, at 4. He would sleep, pray, call family and others, and utilize the institution's email system. *Id.* Dr. Wood further characterized Thornton's current mental status. She said he "displayed no disorganization or confusion characteristic of severe mental illness" and that "his behavioral presentation" was inconsistent with "experiencing auditory hallucinations." *Id.* at 5. Dr. Wood reviewed the psychological testing undertaken and ultimately offered three clinical diagnoses. *Id.* at 5-7. She found, though, "no evidence to support a current psychiatric diagnosis" and that Thornton was "likely malingering some psychological

symptoms." *Id.* at 7. In fact, Dr. Wood reported, Thornton was "observed interacting appropriately with others and overall, functioning quite well." *Id.*

Dr. Wood correctly identified and expertly applied the *Dusky* standard in determining that Thornton is competent:

> [Thornton's] understanding and knowledge of the criminal justice system was apparent while monitoring his phone calls. . . . He discussed court actions in a meaningful and appropriate manner. . . .
>
> With some prodding, he was able to provide an appropriate explanation, albeit basic, response [to a question regarding his role as a defendant and how he can assist his attorney]. [Further,] when asked [a second time,] he provided the correct response [to a question about a plea agreement].
>
> Mr. Thornton identified his alleged offense as a 'dope case.' He indicated if convicted, he may serve '10 to life.' Mr. Thornton understood pleading guilty means acknowledging his role in, and accepting responsibility for, the alleged offense. He understood pleading not guilty means maintaining his innocence with regard to the alleged offense.
>
> Mr. Thornton was aware of the various roles in the courtroom. He understood the adversarial nature of legal proceedings and accurately described the prosecutor's role. Mr. Thornton understood the role of the judge in presiding over the courtroom, instructing the jury, and sentencing him should he be convicted.
>
> Mr. Thornton understood the concept and reasons for cross examination. He verbalized appropriate courtroom behavior and was aware of how one could be held in contempt of court. . . .
>
> Mr. Thornton understood the importance of a defendant working collaboratively with an attorney and indicated he would continue to do so. . . .
>
> Although Mr. Thornton was intentionally guarded and generally uncooperative, he demonstrated basic knowledge and understanding of competency-related information. Overall, based on the available information, in the opinion of the undersigned examiner, Mr. Thornton is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus, in the opinion of the examiner, Mr. Thornton is currently competent to stand trial.

*Id.* at 8-9. The Court now has had multiple hearings with Thornton and has not independently observed behavior that conflicts with the examiner's conclusions. At no point during the pendency of this action has the Court perceived Thornton as having undue difficulty in understanding the proceedings. He appears to understand and communicate rationally regarding case status and the legal proceedings. Over multiple hearings, the Court has observed him to interact with counsel and the Court in a manner suggesting understanding and positive defensive assistance.

The Court finds nothing in the record that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds, per § 4241(a), that Defendant is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the District Judge find Thornton competent to face further proceedings in this matter.

\* \* \* \* \*

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b) for specific appeal rights and mechanics. Failure to object in accordance with the Rule waives a party's right to review.

This the 16th day of August, 2017.



Signed By:
*Robert E. Wier* REW
United States Magistrate Judge