UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>LAMAR CHAVES THORNTON,<br><br>    Defendant. | CRIMINAL NO. 5:17-26-KKC-3<br><br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the defendant Lamar Chaves Thornton's third motion requesting that the Court order his release from prison. (DE 448). Thornton was found guilty of conspiracy to distribute heroin and carfentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 846. (DE 321). By judgment dated August 21, 2019, this Court sentenced Thornton to 292 months imprisonment. (DE 402). Defendant is currently 28 years old and is incarcerated at FCI Milan. He now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." For the following reasons, Thornton's motion (DE 448) is **denied**.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. In this case, the government has conceded that Thornton exhausted his administrative remedies prior to filing this motion. Therefore, the Court has authority to consider Thornton's request for compassionate release.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id*.; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir.

2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

Thornton has not presented evidence that his present circumstances are different than any other defendant incarcerated during the COVID-19 pandemic. Thornton contends that his medical conditions include obesity, a weakened immune system, asthma, and an enlarged heart. (DE 448 at 3). However, as an attachment to his motion, Thornton provided only one medical record, from September 24, 2019, which confirmed his asthma condition. (DE 448-1 at 1-2). While the medical record also noted that Thornton had an epilepsy or seizure disorder,[1] it stated that he was in remission. (*Id*. at 2). There is no evidence of any other alleged medical issues. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

---

[1] The presentence report also indicated that Thornton suffered from epilepsy, but was otherwise in good health. (*See* PSR, ¶ 75.)

3

  (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

  The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

  The Court considered these factors extensively at Thornton's sentencing hearing (*see* DE 416) and has reconsidered them for purposes of this motion. Drug trafficking is a very serious offense; it destroys lives, families, and plagues communities alike. In this case, Thornton, along with his other co-conspirators, distributed large quantities of heroin and carfentanyl. For this crime, the Court sentenced Thornton to a term of 292 months of imprisonment, with a mandatory minimum imprisonment term of 120 months. Currently, Thornton has only served a small fraction of the sentence the Court has imposed. He has not even completed the 10-year mandatory minimum.

  Based upon the record before it, the Court cannot find that Thornton would not pose a danger to the safety of the community if he were to be released. Thornton must focus on taking the steps necessary to rehabilitate himself in order to ensure that he will lead a quality life upon his release. Therefore, in consideration of the § 3553(a) factors, the need for Thornton's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

  For the reasons stated in this opinion and at the time of his sentencing, it is not appropriate to order his release at this time. The Court **HEREBY ORDERS** that

Defendant Lamar Chaves Thornton's motion for compassionate release (DE 448) is DENIED.

Dated February 22, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY