UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff. )<br>)<br>v. )<br>)<br>LAMAR CHAVES THORNTON, )<br>)<br>Defendant. )<br>) | No. 5:17-CR-26-KKC-HAI-3<br><br>RECOMMENDED DISPOSITION |

*** *** *** ***

In accordance with local practice, this postconviction matter was assigned to the undersigned for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Under such review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). The undersigned recommends dismissal upon initial review.

## I. Background

On November 8, 2021, the Court received a two-page handwritten letter from federal prisoner Lamar Thornton, proceeding *pro se*, purporting to be a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. D.E. 457. The filing alleged Thornton was deprived of a fair trial. His trial attorney, he alleges, was ineffective in that she withheld information, handled the case inadequately, performed incompetently, and did not give effort to Thornton. D.E. 457. He stated his attorney gave misleading information, did not file documents that would have

helped the defense, withheld evidence that was in his favor, did not notify him of motions that were filed, did not give him a copy of a promised motion for acquittal, concealed exculpatory information, and stopped Thornton from testifying on his own behalf. *Id*.

The motion appeared timely. After Thornton was convicted by a jury (D.E. 409) and unsuccessfully appealed (D.E. 439), the Supreme Court denied certiorari on November 13, 2020 (D.E. 446).[1] The Court accepted Norton's letter, which came less than a year later, as tolling the statute of limitations under section 2255. D.E. 459. However, the Court told Thornton that he needed to do more before the Court could process his claims. *Id*.

The Court alerted Thornton to the requirements of Rule 2 of the Rules Governing Section 2255 cases. D.E. 459. First, Rule 2(c) requires the petitioner to use the standard form. The Court ordered the Clerk to provide a blank § 2255 form to Thornton and informed him, "Before the Court will consider the section 2255 motion or order a response from the United States, Defendant must submit it using the standard form[.]" *Id*.

The Court also quoted Rule 2(b) and informed Thornton that his refiled motion must "satisfy the requirements of Rule 2(b)." D.E. 459. Rule 2(b) states:

> (b)  Form. The motion must:
>
>   (1)  specify all the grounds for relief available to the moving party;
>   (2)  state the facts supporting each ground;
>   (3)  state the relief requested;
>   (4)  be printed, typewritten, or legibly handwritten; and
>   (5)  be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

---

[1] Thornton raised four arguments on appeal:

- That the court order authorizing collection of location data from his cell phone violated the Fourth Amendment.
- That his Sixth Amendment right to a speedy trial was violated.
- That the government did not proffer sufficient evidence to sustain his conviction.
- That his sentence was procedurally and substantively unreasonable.

D.E. 439 at 4-5.

This Order should have put Thornton on notice that his § 2255 motion had to "state the facts supporting each ground." Rules Governing Section 2255 Cases, Rule 2(b)(2). Indeed, the § 2255 form itself also informs the petitioner that he must "[s]tate the facts supporting each ground." D.E. 462 at 3 ¶ 12. And the blank space provided for explaining each ground also states, "Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.)"

To be clear, the Court does not consider Thornton's filing at Docket Entry 457 to have any legal effect aside from tolling the statute of limitations. Thornton's completed 2255 supersedes his earlier unsworn handwritten filing.

The Court received Thornton's completed § 2255 form on December 14, 2021. D.E. 462. Like Thornton's earlier filing, the allegations are vague and unsupported by any specific facts. Thornton alleges the following six grounds for relief. Here they are, slightly paraphrased for legibility, in full:

(1) Counsel was ineffective by not acting in good faith of client through the proceedings. Counsel gave misleading information and withheld information.

(2) Due process violation by counsel. Poor communication skills, poor performance, not entering exculpatory evidence, misleading client during the proceedings. Also, the sentencing court violated and denied due process by improper appointing of counsel and improper jury instructions.

(3) The prosecution committed misconduct by knowingly using false and misleading evidence/statements, false oath/false testimony and false materials, also withholding evidence.

(4) Perjury/perjury-trap doctrine through the proceedings.

3

  (5)  First Amendment violation. Through the proceedings, I was told I could not speak. And when I was told it was ok to speak, I had to keep it limited. Also, I was told I could not cross-examine.

  (6)  Fourth Amendment Violation. "The material, warrants, affidavits and [etc.]"

D.E. 462; D.E. 462-1. These are the grounds for relief currently before the Court. Each of these grounds is too general and vague for the Court to meaningfully analyze (or for the government to respond). None of the grounds are accompanied by specific facts.

## II. General Legal Standards

Under § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes Thornton is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than motions prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Thornton alleges violations of his Sixth Amendment right to effective representation. To successfully assert an ineffective-assistance-of-counsel ("IAC") claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984);

*Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Strickland*, 466 U.S. at 688. But "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted).

To prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697. To show prejudice in the sentencing context, a movant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

### III. Analysis.

First, Thornton argues his trial attorney was ineffective by "not acting in good faith of client through the proceedings." He says, "Counsel gave misleading information and withheld information." D.E. 462 at 4. The Court cannot analyze this claim because Thornton does not identify any information that was misleading or any information that was withheld. Absent such

details, Thornton cannot meet his burden of showing that counsel performed deficiently and he was prejudiced. And "not acting in good faith" is hopelessly vague.

Second, Thornton alleges a "due process violation by counsel." D.E. 462 at 5. He says counsel exhibited "poor communication skills" and "poor performance." He says counsel did not "enter[] exculpatory evidence" and misled him "during the proceedings." Again, these allegations are vague. Thornton provides no information about the alleged exculpatory evidence. He identifies no misleading statements. Thornton also states in Ground Two that the sentencing court denied him due process by improper appointing of counsel and improper jury instructions. *Id*. But Thornton identifies no specific improper jury instructions. And he does not explain in what way his appointment of counsel was improperly performed. Without any factual details, Thornton can not meet his burden of proof to obtain relief.

Third, Thornton says the prosecution committed misconduct by knowingly using "false and misleading evidence/statements, false oath/false testimony and false materials, also withholding of evidence." D.E. 462 at 6. Again, Thornton provides no factual details. He identifies no false evidence or evidence that was improperly withheld.

Fourth, Thornton's motion form alleges "Perjury/perjury-trap doctrine through the proceedings and trial." D.E. 462 at 8. This allegation is utterly vague and unsupported by any facts.

Fifth, Thornton alleges a First-Amendment violation. D.E. 462-1. He says, "Through the proceedings, I was told I could not speak and when I was told it was ok to speak, I had to keep it limited, also, I was told I could not cross-examine." *Id*. Thornton does not say who told him these things. He identifies no helpful statements he would have made (but could not) or cross-examination that could have been conducted (but was not). In any event, criminal defendants

6

typically speak in court only trough counsel, and they do so on the wise advice of their counsel. Absent any specific facts, the Court has no reason to believe anything unusual or unconstitutional happened in regard to this Ground.

Sixth and finally, Thornton alleges a Fourth-Amendment Violation. D.E. 462-1. All he says is, "The material, warrants, affidavits and e[tc.]" The Court simply cannot conjure any prejudicial error from these six words. The allegation is incomprehensibly vague and unsupported by specific facts.

Given the vagueness of Thornton's claims for relief and the total lack of factual support, he has not shown by a preponderance of the evidence that he suffered a prejudicial error. The Court gave Thornton a second opportunity to present his claims and specifically told him he needed to satisfy the Rule that requires he "state the facts supporting each ground." D.E. 459. His motion form, which also requested multiple times that he provide specific facts, likewise failed to provoke compliance

## IV. Conclusion

"[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4. The undersigned therefore **RECOMMENDS** that Thornton's § 2255 motion (D.E. 462) be **DISMISSED** upon initial review.

This case does not warrant an evidentiary hearing. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must

consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, Thornton has not alleged any specific facts which, if taken as true, would warrant relief. The record therefore "conclusively show[s]" he is entitled to no relief. *Arredondo*, 178 F.3d at 782.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, Thornton's claims are devoid of specific factual support. They are too vague and generalized to garner a meaningful response from the government or a meaningful analysis by the Court. No reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule

8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 17th day of December, 2021.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge