# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:17-26-KKC-HAI-3 |
| | CIVIL NO. 5:21-284-KKC-HAI |
| Plaintiff, | |
| V. | OPINION & ORDER |
| LAMAR CHAVES THORNTON, | |
| Defendant. | |

**\*\*\* \*\*\* \*\*\***

Defendant Lamar Chaves Thornton has moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (DE 462.) Pursuant to local practice, the motion was referred to United States Magistrate Judge Hanly A. Ingram for review under 28 U.S.C. § 636(b)(1)(B). This matter is now before the Court on the magistrate judge's recommended disposition (DE 463) and Defendant's objections (DE 467). Having conducted a de novo review of the portions of the recommended disposition to which Defendant objects, the Court will adopt the magistrate judge's recommendation disposition and DENY Defendant's motion for § 2255 relief. The Court also REFUSES to issue a certificate of appealability.

## I. Background

In February 2019, Thornton was found guilty of conspiracy to distribute heroin and carfentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 846. (DE 321.) Thornton was sentenced to 292 months of imprisonment with 8 years of supervised release to follow. (DE 402.) The Sixth Circuit affirmed Thornton's conviction (DE 439), and the Supreme Court denied Thornton's petition for a writ of certiorari. (DE 446.)

Thornton, proceeding pro se, filed a motion seeking relief under 28 U.S.C. § 2255. (DE 457.) Magistrate Judge Ingram ordered Thornton to re-submit his motion using the standard form (AO-243), which he then did. (DE 462.) Thornton's motion contained the following grounds for relief (paraphrased): (1) a Sixth Amendment violation due to ineffective assistance of counsel; (2) a Fifth and Fourteenth Amendment due process violation by counsel due to ineffective assistance and by the Court due to improper appointing of counsel and improper jury instructions; (3) prosecutorial misconduct; (4) perjury throughout the proceedings and trial; (5) a First Amendment violation; and (6) a Fourth Amendment violation. (DE 462.) The magistrate judge addressed all of Thornton's claims for relief and recommended that Thornton's § 2255 motion be dismissed upon initial review and that no certificate of appealability issue. (DE 463.)

Thornton has filed objections to the magistrate judge's recommended disposition on all grounds for relief. Thornton's objections do not specifically contest any finding of the magistrate judge, but rather add more detail to his original claims for relief. The Court having received Thornton's objections, the matter is now ripe for the Court's review.

## II. Standard of Review

This Court performs a de novo review of those portions of the magistrate judge's recommended disposition to which the defendant has objected. *See* 28 U.S.C. § 636(b). The Court, however, is not required to perform a de novo review of any unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)).

Because Thornton is proceeding pro se, the Court will review his objections under a more lenient standard than the one applied to attorneys. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). However, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "Objections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the magistrate judge are [also] improper." *United States v. David*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019).

### III. Analysis

Defendant makes six objections to the magistrate judge's recommended disposition. The Court will address each in turn.

**A. First Objection**

The magistrate judge first found that Thornton's ineffective assistance of counsel claim failed because his claims were vague and he did not identify how his lawyer performed deficiently and prejudiced him.

The standard for ineffective assistance of counsel articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), requires that a prisoner show (1) that his "counsel's performance was deficient measured by reference to 'an objective standard of reasonableness'" and (2) "resulting prejudice, which exists where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *United States v. Coleman*, 835 F.3d 606, 612 (6th Cir. 2016) (quoting *Strickland*, 466 U.S. at 688, 694).

"To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539

3

U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). Courts have "declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). Still, a court's review of this prong includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner carries the burden of establishing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

Prejudice results from a deficient performance when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693).

Meeting "*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The standard "must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington*, 562 U.S. at 105. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one" because "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.*

Here, the magistrate judge found that Thornton did not meet "meet his burden of showing that counsel performed deficiently and he was prejudiced." (DE 463.) In Thornton's objections, he makes the following complaints about his trial lawyer

4

(paraphrased): (1) inadequate cross-examination; (2) failure to file various motions that Defendant wanted; (3) failure to provide some ambiguous information about special agents and witnesses; (4) failure to use some unspecified evidence provided by Defendant's family; and (5) failure to make a *Batson* challenge.

The Court addressed several of these issues in a hearing when Thornton complained about his lawyer before sentencing, and the Court did not find them convincing. (DE 415.) In the present motion, as at the previous hearing on these issues, Thornton does not explain, as he must, how his lawyer's choices in cross-examination were errors so serious that he was deprived of a fair trial and the outcome of the proceedings was affected. Thornton then says that his lawyer did not file the motions he wanted, like a motion to suppress, but the record reflects that his lawyer did file the motion to suppress, and the Court denied the motion. (DE 317.) Similarly, he states that his lawyer did not file a motion for acquittal, and yet the record reflects that she did. (DE 374 at 48.) Thornton's complaints about his lawyer's failure to provide some unspecified information about special agents and witnesses and her failure to present some unspecified evidence provided by his family also do not meet Thornton's burden under *Strickland*. Thornton further fails to meet his burden as to his vague objection about the *Batson* challenge—Thornton does not present any facts or evidence to suggest that his lawyer's performance was deficient or that he suffered any prejudice as a result.

Thornton's objections about his appellate lawyer similarly fail to meet the *Strickland* burden. He mentions broadly the requests he made of counsel but does not make any mention of how his lawyer's performance was deficient or how he suffered prejudice as a result.

Thus, the Court finds that Thornton's objections are meritless and that there is no relief available to him on the theory that he was provided ineffective assistance of counsel.

**B. Second Objection**

Next, the magistrate judge found that Thornton's due process violation claims were vague and lacked the specificity to meet his burden of proof. Thornton makes an unclear objection to the jury instructions, an unclear objection about the jury being tainted, and an objection to the Court's failure to appoint him new counsel during trial and at sentencing.

Thornton's first objection in this section is as follows: "The orginal [sic] Jury instructions had a lesser charge, after I made a objection, the court changed the charge after the Jury heard the lesser charge, also Lehmann stated we were in Jail (FCDC) together making the Jury tainted." This objection is vague, does not specify how Thornton's due process rights were violated, and does not express an objection to any part of the magistrate judge's finding. While the Court applies a more lenient standard to pro se pleadings, this standard does not require the Court to conjure allegations on the pleader's behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The Court will not come up with a legal theory and accompanying evidence for a constitutional violation on its own just because Thornton fails to provide them.

Next, Thornton mentions the Court's failure to appoint him new counsel when requested. Thornton raised with the Court—during trial and prior to sentencing—his desire for new counsel, and the Court listened to his concerns both times and determined that his lawyer's performance was not deficient. (DE 373 at 11–14; DE 415.) Of note, this was Defendant's second attorney, after the Court granted an earlier request by Defendant for new counsel. (DE 238.) Defendants that require court-appointed counsel do not have a constitutional right to choose their counsel. *United States v. Gonzalez-Lopez*, 548 U.S. 140,

6

141 (2006); *Daniels v. Lafler*, 501 F.3d 735, 739 (6th Cir. 2007). Thornton does not specify how the Court's consideration of his requests for new counsel and denial of those requests after careful consideration violated due process.

Thus, the Court finds that Thornton's objections are meritless and that there is no relief available to him on a due process violation theory.

**C. Third Objection**

The magistrate judge then found that Thornton's prosecutorial misconduct claim failed because it provided no factual details. Thornton's objections are that Special Agent Sullivan made false statements and that the prosecution "withheld grand jury reports, indictments and witnesses past cases, trials, conduct, etc. and brady material[.]"

The Sixth Circuit has adopted a two-step process for considering prosecutorial misconduct: (1) the Court must consider whether the prosecutor's conduct and remarks were improper; (2) if the Court concludes that the remarks were improper, then the Court must apply the four-factor test set forth in *United States v. Carroll*, 26 F.3d 1380, 1385 (6th Cir. 1994), to determine "whether the impropriety was flagrant" and thus violated the defendant's due process rights. *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002). The four *Carroll* factors are: (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong. *Id.*

Thornton's objections related to Special Agent Sullivan are not appropriately made in this section because Sullivan is not a prosecutor. Thornton reiterates his claims against Sullivan in his fourth objection, so they will be considered in that section.

Defendant's broad objections are insufficient to be evaluated under the Sixth Circuit standard. Thornton's objections that the prosecution withheld "indictments and witnesses past cases, trials, conduct, etc." are too vague to evaluate at all, but the Court will attempt to address Thornton's other concerns.

"[T]he principle of grand jury secrecy has long been deeply ingrained in American Legal jurisprudence." *In re Grand Jury 89-4-72*, 932 F.2d 481, 483 (6th Cir. 1991). A party seeking disclosure of grand jury materials under the exceptions found in Fed. R. Crim. P. 6(e) usually must demonstrate that a Rule 6(e) exception is met and show a particularized need. *Illinois v. Abbott & Associates*, 460 U.S. 557, 567 n.14 (1983). For example, the Sixth Circuit requires a party seeking disclosure under Rule 6(e)(3)(E)(i) to demonstrate "(1) the disclosure is sought 'preliminarily to or in connection with a judicial proceeding[,]' and (2) a compelling [or particularized] need for disclosure exists which will overcome the general presumption in favor of grand jury secrecy." *In re Grand Jury 89-4-72*, 932 F.2d at 483. Here, Thornton makes no showing and appears to argue that the prosecution's failure to sua sponte release "grand jury reports" constituted prosecutorial misconduct. This conclusory objection is meritless.

To establish a *Brady* violation, "the petitioner has the burden of establishing that the prosecutor suppressed evidence; that such evidence was favorable to the defense; and that the suppressed evidence was material." *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000). Thornton's allegation that the prosecution withheld *Brady* material provides no other specifics and accordingly does not meet the required standard.

Thus, the Court finds that Thornton's objections are meritless and that there is no relief available to him on a prosecutorial misconduct theory.

8

**D. Fourth Objection**

Fourth, the magistrate judge found that Thornton's allegation of "perjury/perjury-trap doctrine through the proceedings and trial" was vague and unsupported. Thornton's objections elaborate that he thinks Special Agent Sullivan made false statements and that "Lehmann" and "Brock" committed perjury. Thornton does not provide a basis for these allegations. Even if he did, the Sixth Circuit has ruled that "[t]he credibility of witnesses is ordinarily for trial by the jury in the criminal trial. False evidence and perjury are matters that may be raised on the trial and motions for a new trial, but not in habeas corpus, Section 2255, or other post-conviction petitions." *United States v. Castano*, 906 F.3d 458, 464–65 (6th Cir. 2018) (quoting *Burks v. Egeler*, 512 F.2d 221, 229 (6th Cir. 1975)).

Thus, the Court finds that Thornton's objections are meritless and that there is no relief available to him on a theory that any witnesses committed perjury.

**E. Fifth Objection**

Next, the magistrate judge found that Thornton's First Amendment violation claim failed to identify any helpful statements he would have made (but could not), cross-examination he could have conducted (but did not), or anything else that would suggest something unusual or unconstitutional happened. Thornton's objections in support of his First Amendment violation claim point to the fact that his attorney advised him that he could not confront witnesses without opening himself up to cross-examination and the fact that the Court provided a limited amount of time within which he could read his "sentencing argument."

Thornton does not explain how the wise advice of his lawyer as to the consequences of confronting witnesses himself constituted a First Amendment violation, and the Court cannot think of any way in which it could be construed as such.

9

Neither does Thornton explain how the Court limiting his time to speak at sentencing constituted a First Amendment violation. The courtroom is subject to the control of the Court. *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994) (quoting *Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966)). Thornton's objection presumably refers to the part of his sentencing where the Court allowed him to speak about the sixteen-page pro se filing of objections (DE 384) that the Court permitted him to file in addition to his lawyer's sentencing memorandum because he felt that his lawyer's objections were lacking. (DE 416 at 7–8.) The Court, having already read and considered Thornton's filing in its entirety, exercised its discretion to limit Thornton's verbal recounting of the filing. Thornton does not explain how the Court's exercise of discretion in this manner constituted a First Amendment violation.

Thus, the Court finds that Thornton's objections are meritless and that there is no relief available to him on a First Amendment violation theory.

**F. Sixth Objection**

Finally, the magistrate judge found that Thornton's Fourth Amendment violation claim, which stated only, "The material, warrants, affidavits and ect. [sic]" was overly vague and unsupported by specific facts. In his objections, Thornton appears to take issue with the warrant issued against him.

Thornton raised a Fourth Amendment challenge to the search warrant in his case on appeal, and the Sixth Circuit found that the warrant was properly issued and supported by probable cause. (DE 439 at 5–6.) It is well-established that a § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances. *DuPont v. United States*, 76 F.3d 108, 110–11 (6th Cir. 1996) (collecting cases).

Because Thorton's Fourth Amendment claim was considered and disposed of on appeal, the Court finds that his objections are meritless and that there is no relief available to him on a Fourth Amendment violation theory.

## IV. Evidentiary Hearing

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Here, because the record refutes Thornton's factual allegations and conclusively shows that Thornton is not entitled to relief, the Court will not hold an evidentiary hearing. *See Arredondo*, 178 F.3d at 782.

## V. Certificate of Appealability

Finally, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (discussing development of the standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting the requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)). Thornton has not made a "substantial showing" as to any claimed denial of rights, and the Court finds his allegations and objections meritless. No reasonable jurist would find the

Court's determination to be wrong or debatable. As a result, no certificate of appealability shall issue.

## VI. Conclusion

For the reasons outlined in this Opinion and in the United States Magistrate Judge's recommended disposition, the Court HEREBY ORDERS:

(1) Magistrate Judge Ingram's recommended disposition (DE 463) is ADOPTED and INCORPORATED, in full;

(2) Defendant's objections (DE 467) are OVERRULED;

(3) Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (DE 462) is DENIED WITH PREJUDICE;

(4) A certificate of appealability SHALL NOT issue, Defendant having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and

(5) A Judgement will be entered contemporaneously with this Order.

This 24th day of January, 2022.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY